(C. D. 115)

DYSON SHIPPING CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 3, 1939)

*Pickrell & McDonald (Daniel P. McDonald* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General.*(Richard E. FitzGibbon,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of an article described on the invoice as "1 Iziri Dental Operating Pump Chair Model 'K', Mahogany Duco Finish." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph

397 of the Tariff Act of 1930 as a manufacture of metal not specially provided for. It is claimed that said article is properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as a machine not specially provided for, or alternatively at the rate of 35 per centum ad valorem under paragraph 359 of said act as a dental instrument.

Printed matter containing pictorial representations and diagrams of the chair in question together with a printed description of its operation are in evidence as Illustrative Exhibits A and B.

In the addition the plaintiff offered in evidence the testimony of Joseph Levy, no evidence being offered by the Government.

On direct examination the witness testified that he had unpacked, assembled, and sold the chair in question; that he had had nineteen years' experience in buying and selling dental equipment; that the chair in question is raised by using the lever, 34 on Illustrative Exhibit B, which forces down the piston chamber and which forces the oil into the chamber that raises the chair to the desired height; that each time the pedal is pressed down the piston forces some oil into the cylinder upon which the chair rests; that when the pedal 34 is released, after having been depressed, there is an intake valve, 24 on the exhibit, which sucks new oil into the pump; that there is a valve 33 which prevents the oil from running back into the reservoir; that the pump is then ready for another pressure of the foot to raise the chair to the proper height for the patient; that when the chair reaches the desired height it remains in that position; that, when the operator desires to lower the chair, pressure is exerted by the foot upon another pedal, 32, which opens a valve, 37, which in turn releases the pressure and forces out the oil which returns to the main tank from which it originally came; and that the pump mechanism is essential to the chair for dental purposes.

On cross-examination the witness testified that there was nothing about the chair that dedicated it wholly to use as a dental chair; that similar types of chairs are used in barber shops and beauty parlors; that the chair is not used in the dental laboratory but in the office where the patient appears; and that there was no dental tray or fixture attached to the chair.

On redirect examination he testified that he had never seen such a chair used in any other place except in a dental office and that the only kind of merchandise which he bought and sold consists of dental equipment and supplies.

Upon this record, in spite of the fact that counsel for the plaintiff appears to place no reliance upon the fact that the chair in question is a dental instrument, but in their brief filed herein seem to rely entirely on the claim that the chair is a machine not specially provided for, we are of the opinion that the plaintiff has made out a *prima facie*

case that the chair in question is a dental chair. The plaintiff's witness has been engaged in buying and selling dental equipment and supplies and has never seen a chair of this particular type used anywhere else than in dental offices. Moreover, the exhibits advertise the chair as a dental chair. The mere fact that the witness on cross-examination stated that the chair may be used in barber shops or beauty parlors does not, in our opinion, overcome the other evidence that a chair of this particular kind is chiefly used by dentists.

We therefore hold that the chair in question is properly dutiable at the rate of 35 per centum ad valorem under paragraph 359 of said act as a dental instrument, as alleged by the plaintiff. *United States* v. *Kimball Dental Manufacturing Co.*, 18 C. C. P. A. 289, T. D. 44502. As to all other merchandise the claims are overruled. Judgment will be rendered accordingly.