(C. D. 457)

DYSON SHIPPING CO., INC., ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 31, 1941)

*Eugene R. Pickrell* for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. Fitz-Gibbon,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations of so-called dental operating pump chairs. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as machines not specially provided for.

In the case of *Dyson Shipping Co., Inc.* v. *United States,* 2 Cust. Ct. 163, C. D. 115, precisely similar merchandise to that here imported

was before this court and the parties in both cases were the same. There, two claims were made by the plaintiff; first, that the merchandise consisted of dental instruments within the meaning of paragraph 359 of the Tariff Act of 1930, and as such was dutiable thereunder at the rate of 35 per centum ad valorem; and second, it was alternatively claimed that said merchandise was properly dutiable, as here contended, at the rate of 27½ per centum ad valorem under said paragraph 372 as machines not specially provided for.

This court sustained the first claim of the plaintiff, holding the chairs to be dental instruments within the meaning of said paragraph 359. But in *United States* v. *Dyson Shipping Co., Inc.*, 27 C. C. P. A. 260, C. A. D. 96, the United States Court of Customs and Patent Appeals reversed the judgment of this court on the ground that the evidence was insufficient to prove that said chairs were chiefly used by dentists. The court, however, did not pass upon the other claim that said chairs were machines not specially provided for within the meaning of said paragraph 372.

The present case is submitted on the following stipulation:

It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto, subject to the approval of the Court:—

(1) That the four above-enumerated protests may be consolidated for purposes of trial;

(2) That the merchandise, the subject of the above protests, consists of DENTAL OPERATING PUMP CHAIRS;

(3) That the said DENTAL OPERATING PUMP CHAIRS are the same in all material respects as the DENTAL OPERATING CHAIRS which were the subject of Suit No. 4254, *United States* vs. *Dyson Shipping Company*, C. A. D. 96, since they are composed of the same materials, since they are the same in construction, and since they have the same uses;

(4) That the record in Suit No. 4254, *United States* vs. *Dyson Shipping Company*, C. A. D. 96, may be incorporated and made a part of the record herein;

(5) That the protests be deemed submitted on this stipulation and that the right to the first docket call and the right to amend are hereby waived.

\*      \*      \*      \*      \*      \*      \*

Manifestly, then, the only issue to be here determined is whether the present chairs are machines not specially provided for and as such dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as alleged by the plaintiffs.

In the incorporated case photographs of one of the chairs there in question were admitted in evidence as illustrative exhibits A and B. Referring to the number parts as indicated on said illustrative exhibit B, the chair was shown to be operated as follows: Pedal number 34 is pressed down with the foot, which forces the attached piston number 18 down in the chamber number 21, thereby forcing oil into the middle chamber and raising the chair; release of pedal number 34 causes new oil to be sucked in through intake valve number 24, and valve number 33 prevents this oil from running back to the

reservoir; by a repetition of this process the chair is raised to the desired height; pressing down pedal number 32 opens valve number 37, releasing the pressure, whereupon the weight of the chair is sufficient to force the oil back to the main tank.

It is evident from the foregoing that the pumping mechanism is essential to the operation of the chair, and without such mechanism it would be impossible for the chair to perform the purpose for which it was intended.

Upon the entire record we are satisfied that the chair in question is a mechanical contrivance for utilizing and applying energy or force for the transmission of motion. It is therefore a machine within the meaning of that term as judicially defined in *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537. The claim of the plaintiffs is therefore sustained alleging said mechanism to be a machine not specially provided for and as such dutiable at the rate of 27½ per centum ad valorem under said paragraph 372. As to all other merchandise the claims are overruled. Judgment will be rendered accordingly.